UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARIEL ORTEGA,

    Plaintiff,

v.

BONDED CREDIT BUREAU, INC.,
d/b/a DRS/BONDED COLLECTION SYSTEMS,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3. Plaintiff, ARIEL ORTEGA, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, BONDED CREDIT BUREAU, INC., d/b/a DRS/BONDED COLLECTION SYSTEMS, is a corporation and citizen of the State of Ohio with its principal place of business at 7745 East Kemper Road, Cincinnati, Ohio 45249.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's residential telephone on or about the dates stated:

> June 11, 2010
> This is message meant for Ariel Ortega. If this is not Ariel, please hang up or disconnect. This is Sunny Engle with DRS Bonded Collections. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-800-593-1316. My extension is 7549. Your reference number is N11277.

11. At the time Defendant left the message on Plaintiff's telephone, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt because Plaintiff had previous sued the same Defendant with respect to the same debt.

12. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

13. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

14. No court had authorized Defendant's direct communication with Plaintiff.

15. At the time Defendant phone call, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

16. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself to the representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

21. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d.    permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

    e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658